UNITED STATES, to Use of SARGENT & CO., v. BROWN et al.

(District Court, M. D. Pennsylvania. July 9, 1920.)

No. 111.

United States ⬤⟞67(3)—Bonds of contractors for public work; suit by subcontractors not stayed by subsequent suit by United States.

Under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), relating to bonds of contractors for public works, and providing that, if no suit should be brought by the United States on such bond within six months from the completion and final settlement of said contract, persons furnishing labor and materials, payment for which has not been made, may bring suit thereon in the name of the United States, a suit so brought in conformity to the statute will not be stayed because of the subsequent commencement of a suit by the United States in another jurisdiction.

At Law. Suit by the United States, to the use of Sargent & Co., against H. L. Brown, the American Fidelity Company, and Casualty Company of America. On rule to stay proceedings. Rule discharged.

Charles L. Bailey, Jr., and William Jenkins Wilcox, both of Harrisburg, Pa., for plaintiff.

Knapp, O'Malley, Hill & Harris, of Scranton, Pa., for defendant.

WITMER, District Judge. A rule was granted to show cause why proceedings should not be stayed, upon the petition of the American Fidelity Company, setting forth that this action was brought on August 15, 1919, by Sargent & Co. in the name of the United States against the defendants, upon a certain bond given by the American Fidelity Company in accordance with the act of Congress, for the faithful performance of a contract for the construction of the post office building at Harrisburg; that since the beginning of said action the United States in its own right has brought an action against the American Fidelity Company on the bond in the United States District Court for the District of Vermont, service of process being made on the 11th day of March, 1920; and that such action brought by the United States in the District Court for Vermont is based upon the same cause and grows out of the same transaction as that previously brought in the District Court of the Middle District of Pennsylvania.

An answer to this petition was filed by Sargent & Co., and other of the intervening creditors, in which the following facts have been set forth, without denial: That the date of the completion and final settlement of the contract of H. L. Brown Company was December 18, 1918; that no suit was brought by the United States within six months after the completion and final settlement of said contract, namely, within six months from December 18, 1918, expiring June 18, 1919; and that this action of the use plaintiff, and the several interveners, for the recovery of the price or value of labor or materials supplied by them, payment for which had not been made by the contractor, was commenced August 15, 1919, more than six months after the final completion and settlement of the contract of H. L. Brown Company, and after the United States had brought no action within six months from such time, and before the expiration of the year in which the right to bring such suits as limited by the act of Congress, and was so far proceeded with that the cause was at issue, and set for trial for the week commencing May 3, 1920.

Defendant requests the court to stay proceedings until final determination of the suit commenced in the district of Vermont, upon the ground that under the act of Congress the United States shall have priority in the enforcement and collection of its claim. The United States has not joined in the request, and as for the defendant surety company, who has obtained this rule, it is enough to say that the court will see to it that it shall pay no more than the face of the bond, whether to the United States, or the plaintiff claimants, or both, according to its liability. Though the claims of plaintiffs as against the defendant contractor are determined in this suit, the liability of the defendant surety company upon its bond being fixed, the application or apportionment of the penalty of the bond in proportional ratio

found due each claimant, including the United States, if necessary, may well be hereafter controlled by the court.

Plaintiffs' action was, it appears, instituted as authorized by the act of August 13, 1894, amended by the act of February 24, 1905, wherein it is provided that:

"If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall * * * have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed and executed, * * * and not elsewhere, for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution. * * *" Comp. St. § 6923.

Whether the United States may also maintain its action in Vermont, or whether two actions may be maintained at the same time in different places on the same bond, one by the United States and another by creditors of the contractor, need not be decided here.

The court being satisfied that there is nothing in plaintiffs' way barring them from a speedy trial, the rule to show cause is dismissed, and the case ordered on the trial list for trial at the next term of court at Harrisburg, Pa.